UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: DONALD CHARLES SCHWARTZ,<br><br>                      Appellant. | Case No. 20-cv-07680-VC<br><br>**ORDER AFFIRMING THE JUDGMENT OF THE BANKRUPTCY COURT**<br><br>Re: Dkt. No. 12 |

       The judgment of the bankruptcy court is affirmed. After a creditor objected to Appellant Donald Schwartz's Chapter 13 bankruptcy plan relating to his property, the parties reached a settlement. Counsel for the creditor announced the agreement's key terms in open court, including the total unpaid principal balance, the interest rate, the amount of the monthly payments, and the maturity date. The bankruptcy court noted that the "parties anticipate further documentation in the form a stipulation that will be approved by Court order." Schwartz also confirmed during the hearing that he agreed to the terms of the settlement. A stipulation followed less than one month later, providing that Schwartz would begin making payments on October 1, 2018. Notice of the stipulation was served on Schwartz the next day. The bankruptcy court then issued an order codifying the same.

       Schwartz later filed a motion to set aside the settlement, arguing that the failure to state in open court the first date of his monthly payments rendered the agreement unenforceable. He also argued that his attorney lacked the power to bind him and that the COVID-19 pandemic vitiated the agreement. The bankruptcy court denied his motion.

       Schwartz appeals the bankruptcy's court denial of his motion to set aside the settlement,

reiterating the same arguments he made below. For the same reasons offered by the bankruptcy court, his appeal lacks merit. That the parties failed to include the exact date that payments would begin when they first announced the settlement in open court does not, as Schwartz contends, render the agreement unenforceable. Schwartz acknowledged that he agreed to the key terms at the hearing. And all understood that a stipulation would follow, which in turn contained the date that payments would start. The record shows that a copy of the stipulation was served on Schwartz. In short, nothing suggests that the agreement lacked material terms rendering it unenforceable.

As for Schwartz's contention that his lawyer lacked the power to bind him, the record suggests otherwise. Schwartz attended the hearing at which the parties announced the agreement and personally confirmed that he agreed to the settlement. To the extent Schwartz contends that his lawyer lacked authority to agree to the stipulation that followed, he may pursue other avenues of relief.

Last and least, Schwartz's argument that the COVID-19 pandemic vitiates the entire agreement makes little sense. The parties entered their stipulation settling the matter on October 8, 2018, well over a year before the coronavirus spread globally.

The judgment of the bankruptcy court is affirmed.

**IT IS SO ORDERED.**

Dated: January 21, 2022

VINCE CHHABRIA
United States District Judge